PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
F I L E D

MAY 26 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE __Southern__ DISTRICT OF TEXAS

__Houston__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__Bakari Abdul Brown__
PETITIONER
(Full name of Petitioner)

__TDCJ - Estelle Unit__
CURRENT PLACE OF CONFINEMENT

VS.

__01970889__
PRISONER ID NUMBER

__Lorie Davis, TDCJ Director__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: **253rd Judicial District Court in Liberty County, Liberty, Texas 77575**

2. Date of judgment of conviction: **December 11, 2014**

3. Length of sentence: **Life**

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: **CR30879, possession of a controlled substance, Penalty Group 1 (cocaine) greater than 4 grams less than 200g.**

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? **Court of Appeals Ninth District of Texas- Beaumont**   Cause Number (if known): **No. 09-15-00003-CR**

   What was the result of your direct appeal (affirmed, modified or reversed)? **affirmed**

   What was the date of that decision? **March 15, 2017**

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: **The Court of Appeals erred in holding that the evidence was legally sufficient to support the conviction of possession of a C/S.**

   Result: **Refused discretionary review by the Court of Criminal Appeals.**

   Date of result: **July 26, 2017**   Cause Number (if known): **PD-0350-17**

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: **N/A**

   Date of result: **N/A**

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: **253rd Judicial District Court, Liberty County, Texas**

    Nature of proceeding: **Application for a writ of habeas corpus**

    Cause number (if known): **CR30879-A**

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

—3—   Rev. 09/10

stamped date from the particular court: **October 2, 2017**

Grounds raised: **My due process was violated when the prosecutor intimidated my witness into refusing to testify; ineffective assistance counsel**

Date of final decision: **February 26, 2020**

What was the decision? **Denial of relief on findings of the trial court.**

Name of court that issued the final decision: **Court of Criminal Appeals of Texas**

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: **253rd Judicial District Court, Liberty County, Texas**

Nature of proceeding: **Application for a writ of habeas corpus.**

Cause number (if known): **CR30880-A**

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
**October 2, 2017**

Grounds raised: **My due process was violated when the prosecutor intimidated my witness into refusing to testify; ineffective assistance of counsel**

Date of final decision: **February 26, 2020**

What was the decision? **Denial of relief on findings of the trial court.**

Name of court that issued the final decision: **Court of Criminal Appeals of Texas**

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: **N/A**

   (b) Give the date and length of the sentence to be served in the future: **N/A**

   (c) Have you filed, or do you intend to file, any petition attacking the judgment for the

       sentence you must serve in the future?   ☐ Yes   ☑ No

**Parole Revocation:**

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☑ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☑ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: ___N/A___

    Disciplinary case number: ___N/A___

    What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: ___N/A___

    Did you lose previously earned good-time days?   ☐ Yes   ☑ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: ___N/A___

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: ___N/A___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: ___N/A___

    Date of Result: ___N/A___

Step 2 Result: _N/A_

Date of Result: _N/A_

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. GROUND ONE: _Petitioner's constitutional right to due process was violated when the prosecutor intimidated defense witness into refusing to testify_

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Judy Daniels was a known eyewitness to the drugs and firearm possession offenses for which Brown was convicted. Daniels was the sole occupant of her residence when the officers entered to execute the search warrant and ultimately found cocaine and a handgun. Although Daniels was never arrested, nor charged with any offense, after Brown's_

B. GROUND TWO: _Petitioner was denied his constitutional right to effective assistance of counsel at trial._

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The following are Brown's claims of trial counsel's deficient performances during his representation of Brown in preparation of and during the guilt phase of trial: 1) counsel failed to offer a stipulation to Brown's felony status and to Brown's prior felony offense, and failed to object when the state_

C. GROUND THREE: <u>The evidence presented at trial was legally insufficient to sustain the conviction beyond a reasonable doubt.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>The state court's decision is an unreasonable determination of the facts presented at trial. The state court largely based their decision on the fact that Brown knew about the contraband and knew where the contraband was located inside Daniels' home, and because he had a piece of mail addressed to him at Daniels' home.</u>

D. GROUND FOUR: _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: <u>If this Court finds that petitioner's due process was violated due to witness intimidation, and finds that trial counsel was ineffective, petitioner seeks to be released from custody due to a showing of innocence excluding these violations, or alternatively seeks to be granted a new trial. In regards to his legal sufficiency claim, petitioner seeks an order of acquittal if the Court finds that the evidence presented at trial was legally insufficient to sustain the conviction. An evidentiary hearing is requested if needed.</u>

-7-                                                      Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No   N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Mitch Adams, 432 A S. Bonner Ave., Tyler, TX 75702**

(b) At arraignment and plea: **Dan P. Bradley, P.O. Box 7107, Houston, TX 77248**

(c) At trial: **Dan P. Bradley, P.O. Box 7107, Houston, TX 77248**

(d) At sentencing: **Dan P. Bradley, P.O. Box 7107, Houston, TX 77248**

(e) On appeal: **Jennifer L. Bergman, P.O. Box 1492, Cleveland, TX 77328-1676**

(f) In any post-conviction proceeding: **N/A, Pro-se**

(g)  On appeal from any ruling against you in a post-conviction proceeding: __N/A__

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

My intepretation of Texas law is that my conviction became final when the Mandate was issued by the State Court of Appeals on August 24, 2017. However, Petitioner's state applications for a writ of habeas corpus was properly filed on October 2, 2017, and was denied relief on February 26, 2020. This petition is timely.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____N/A_____
Signature of Attorney (if any)

_____N/A_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__May 13, 2020__ (month, day, year).

Executed (signed) on __May 13, 2020__ (date).

__Bakari A. Brown__
Signature of Petitioner (required)

Petitioner's current address: __Estelle Unit, 264 FM 3478, Huntsville, Texas 77320-3322__

Continued from page 6, Question 20(A), GROUND ONE

Supporting facts continued....

supporting facts continued from Question 20(A) GROUND ONE:

arrest she provided the defense with an affidavit in which she confesses that the cocaine and firearm found in her home during the search belonged to her, and that Brown was not in possession of this contraband. On October 23, 2014, the District Attorney (D.A.), accompanied by an unidentified female, arrived to Daniels' home, unannounced and unexpectedly, to question Daniels about the criminal case involving Brown. Unknowingly to Daniels, the D.A. recorded their conversation, and provided a copy of the recording to defense counsel, Bradley. According to Daniels' affidavit and the recording, the D.A. asked her who did the drugs and handgun belong to. Daniels admitted that the drugs and handgun belong to her, and that Vanessa Hall brought the gun to Daniels' home and left the gun with Daniels before Hall was arrested and sent to prison. After Daniels admitted to being in possession of the contraband, Daniels says that the unidentified female informed Daniels that Daniels could lose her home if she knew or allowed someone to sell narcotics from her home. After being faced with this warning, Daniels agreed with the D.A. when he suggested that it was Brown who put the drugs and gun on the bed. Bradley subpoenaed Daniels to testify for the defense. When Daniels appeared at Brown's trial to testify, on the D.A.'s recommendation, the Court appointed counsel to Daniels to advise her of her privilege to refuse to testify. According to Daniels, while in the hallway outside the courtroom, the D.A. told

Supporting facts continued from Question 20(A) GROUND ONE:

Daniels that it will be in Daniels' best interest not to testify. Daniels says that she considered the D.A.'s warning to be a threat of having her arrested if she had testified for Brown as intended. Daniels says that because of the D.A.'s warnings, she elected not to testify.

-2ND-
cont. from PAGE 6-(A).

Continued from page 6, Question 20(B), GROUND TWO supporting facts continued....

supporting facts continued from Question 20(B) GROUND TWO;

elicited details of Brown's prior felony judgment of conviction and read the details of Brown's prior felony conviction to the jury. 2) counsel failed to present exculpatory evidence that someone other than Brown committed the offense: Judy Daniels' affidavits of her confessing to being in possession of the cocaine and firearm. 3) counsel failed to object when Daniels improperly invoked her privilege to not testify. 4) Counsel failed to inform the Court and make an objection to the state's intimidating warnings to Judy Daniels, which drove her from the stand. 5) counsel failed to locate, investigate, and call a known eyewitness, José Delgado, to testify. 6) counsel failed to put his request for a continuance in writing after he made an oral request to the court for a continuance to locate a missing material witness, Vanessa Hall. 7) Counsel failed to request a jury charge on the voluntariness of Brown's statements. 8) Counsel failed to request the proper jury charge on a defensive theory as to "mere presence and knowledge of the offense." 9) counsel failed to object to the admission of state's exhibit #2 on grounds that the video contained an inadmissible hearsay statement that was extremely prejudice when Deputy Paul Young told another officer, "He [Brown] says that's all [contraband] he has in there." 10) counsel failed to object on grounds of lack of personal knowledge and prejudice when Deputy Young testified that Vanessa Hall is a girlfriend of Brown's who is currently in prison. 11) counsel

-3RD-
Cont. from PAGE 6-B

Supporting facts continued from Question 20(B) GROUND TWO:

failed to object on grounds of lack of personal knowlege and prejudice when Deputy Young testified that the searched residence and Bedroom where the cocaine and handgun were found is Brown's residence and bedroom. 12) Counsel failed to make the proper objection when Deputy Young testified that he did not follow through on his investigation due to Brown's admission of showing the deputy where the drugs were located. 13) Counsel elicited prejudicial hearsay testimony from Deputy Young that Brown was the Deputy's only suspect. 14) Counsel failed to elicit testimony regarding the postmark date of a piece of mail addressed to Brown at Daniels' residence indicating that the mail was not recent, thus, establishing Brown did not reside at the residence. 15) Counsel failed to object to the State's closing argument that Brown confessed to possessing the cocaine and handgun. 16) Counsel erroneously responded to the State's closing argument that Brown confessed to possessing the cocaine and firearm, thus, interjecting a new issue for the jury to consider, which was not supported by the evidence. 17) The cumulative impact of counsel's deficiencies affected the outcome of Browns trial.

Continued from page 7, Question 20(c), GROUND THREE supporting facts continued....

Supporting facts continued from Question 20(c) GROUND THREE:

However, the fact that Daniels was the owner and sole occupant of the residence when the officers entered to search was never considered. More importantly, the evidence showed that a smoking pipe was found in the bedroom where the drugs and gun were found, there was no door to the bedroom, the contraband was lying on the bed, albeit under a blanket, Daniels was a known drug user, and Daniels had access to this bedroom. Brown was never charged with joint possession, nor was he charged as a party to the offense. Considering all the evidence at trial, it is unreasonable to conclude that because Brown knew the contents of Daniels' home it is he whom was in possession of the contraband. It is more than reasonable that Daniels was in possession of the contraband.